**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: April 11 2007

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 04-30407 |
| | ) | |
| Randy L. Laws, | ) | Chapter 7 |
| Cathy A. Laws, | ) | |
| | ) | Adv. Pro. No. 06-3121 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Randy L. Laws, | ) | |
| Cathy A. Laws, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| First National Bank of Marin, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OF DECISION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Defendant First National Bank of Marin's unopposed Motion for Summary Judgment [Doc. # 30]. In their Amended Complaint, Plaintiffs allege that Defendant has violated the discharge injunction imposed under 11 U.S.C. § 524 in their underlying Chapter 7 case by continuing to report a current balance owed on their credit report. The court has jurisdiction over

this adversary proceeding under 28 U.S.C. §1334(b) and the general order of reference entered in this district. *See* 28 U.S.C. § 157(a). Proceedings relating to a debtor's discharge and the adjustment of the debtor-creditor relationship are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(J) and (O). For the reasons that follow, Defendant's motion will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Chapter 7 bankruptcy petition on January 26, 2004. The last day to object to Plaintiffs' discharge under 11 U.S.C. § 727 was May 17, 2004. No objections were filed and Plaintiffs received a discharge on May 21, 2004. On February 16, 2006, Plaintiffs commenced this adversary proceeding by filing a complaint alleging that Defendant violated the automatic stay and the discharge injunction by continuing to report a current balance owed on Plaintiffs' credit report and seeking compensatory and punitive damages. On September 25, 2006, the court granted Defendant's motion to dismiss Plaintiffs' claim for violation of the automatic stay. In that order, the court also noted with respect to their allegations of a violation of the discharge injunction that Plaintiffs are limited to a cause of action for civil contempt as there is no statutory private right of action for damages under 11 U.S.C. § 524 or 11 U.S.C. § 105. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). The court further noted that there are two kinds of civil fines that the court may impose – one kind is to compensate for damages caused by the contemnor's noncompliance and must be based on evidence of actual loss, and the second kind is a fine payable to the court that can be avoided by performing the act required by the court's order. *See In re Walker*, 257 B.R. 493, 498 (Bankr. N.D. Ohio 2001). Plaintiffs' original complaint requested only a compensatory fine, not a fine payable to the court. Accordingly, with respect to the action for civil contempt, the court found Plaintiffs' complaint defective due to the lack of any allegations of injury in fact sufficient to establish their constitutional standing to proceed based on the compensatory relief they had requested and granted Plaintiffs leave to amend their complaint.

On October 16, 2006, Plaintiffs filed their Amended Complaint. The Amended Complaint included allegations that Plaintiffs were damaged by Defendant's credit reporting by being denied credit or credit at a favorable rate and by incurring an increased cost of insurance. In their prayer for relief, Plaintiffs request "such penalties that this Court would find appropriate," including direct and consequential damages and legal fees. [Doc. # 21, Amended Complaint, p. 3]. Thereafter, Defendant filed a renewed motion to dismiss, which the court denied. The court nevertheless ordered that initial discovery in this proceeding be

2

limited to discovery relating to standing and the injury allegedly incurred by Plaintiffs. To that end, on January 4, 2007, Defendant served discovery requests on Plaintiffs, including, in relevant part, the following requests for admissions:

> REQUEST FOR ADMISSION NO. 1: Admit that you have not suffered any damages due to the alleged acts or omissions of Defendant.
>
> REQUEST FOR ADMISSION NO. 2: Admit that you have no evidence of sustaining any damages due [to] the alleged acts or omissions of Defendant.
> . . . .
> REQUEST FOR ADMISSION NO. 4: Admit that you have not been denied insurance coverage since January 26, 2004.
> . . . .
> REQUEST FOR ADMISSION NO. 6: Admit that no entity ever told you that it would charge you a higher insurance rate because of the Account, any credit reporting concerning the Account, or the Defendant.
> . . . .
> REQUEST FOR ADMISSION NO. 9: Admit that you have not been denied credit since January 26, 2004.
> . . . .
> REQUEST FOR ADMISSION NO. 11: Admit that no entity ever told you that it would charge you a higher interest rate for the extension of credit because of the Account, any credit reporting concerning the Account, or the Defendant.

[Def. Ex. A, Lazich Aff. and attached Exs. 1 & 2]. Plaintiffs have not responded to Defendant's discovery and have not sought an extension to respond to the discovery. [*Id*., Lazich Aff. ¶ 5].

Defendant now moves for summary judgment, arguing that Plaintiffs have failed to provide any evidence to establish that they have suffered any injury or have standing to pursue their claims.

## LAW AND ANALYSIS

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere

3

allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*. Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

Under Rule 36(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1). . . ." Rule 36(a) further provides that each matter set forth in the request for admissions are deemed admitted "unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ."

In this case, Plaintiffs neither responded to Defendant's request for admissions nor requested an extension of time to do so. As such, all matters set forth in Defendant's request for admissions are deemed admitted, including facts demonstrating that Plaintiffs have not suffered any of the damages alleged in the Amended Complaint due to the alleged acts or omissions of Defendant. Having suffered no damages, Plaintiffs lack standing to bring a contempt action seeking a compensatory fine. *See Coal Operators and Assocs., Inc. v. Babbitt,* 291 F.3d 912, 916 (6th Cir.2002) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)). Defendant is, therefore, entitled to summary judgment on the issue of Plaintiffs' entitlement to a compensatory fine in this proceeding.

While Plaintiffs lack standing to seek a compensatory fine, they nevertheless have standing to ask this court to enforce the discharge injunction imposed under § 524 by imposing a penalty payable to the court. The discharge injunction is one of the central protections provided under the Bankruptcy Code in affording debtors a fresh start. Generally, unless debtors are able to bring violations of the injunction to the court's attention, the court is unable to exercise its inherent and statutory powers under 11 U.S.C. § 105(a) to enforce its orders and remedy transgressions of the court's authority. Plaintiffs' request in the prayer for relief in their Amended Complaint that "the Court impose such penalties that this Court would find appropriate" encompasses more than just a compensatory fine, it also encompasses imposition of a fine payable to the court if the court finds that Defendant violated the discharge injunction. Because Defendant's

4

motion for summary judgment only addresses Plaintiffs' lack of compensatory damages, the motion will be denied on the issue of whether a violation of the discharge injunction has actually occurred and, if so, the appropriate non-compensatory penalty.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 30] be, and hereby is, **GRANTED** in part on the issue of Plaintiffs' entitlement to a compensatory fine and **DENIED** on all other issues. A further pretrial conference will be set in a separate order.